UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WARREN V. GROOMER and                    CIVIL ACTION
MICHELLE M. GROOMER


v.                                       NO. 06-8431


METROPOLITAN PROPERTY AND CASUALTY        SECTION "F"
INSURANCE COMPANY


ORDER AND REASONS

      Before the Court is the Groomers' motion to remand.  They argue that the amount-in-controversy requirement to invoke the diversity jurisdiction of this Court is not met.  Metropolitan Property argues that the plaintiffs' policy limits are over $75,000, thereby placing the amount in controversy in excess of $75,000, satisfying the diversity requirements.  But this issue has already been resolved by other Sections of this Court.  For the reasons that follow, the motion is GRANTED.

      The Groomers bound themselves irrevocably by expressly stating in their complaint that the "amount of damages sustained and sought by Petitioners herein does not exceed the sum or value of $75,000, exclusive of costs and interests."  This fact-pattern is guided by Engstrom v. L-3 Communications Gov't Svcs., Inc., 2004

1

WL 2984329, at *5 (E.D La. Dec. 23, 2004)(relying on DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir. 1995)), where Judge Engelhardt held that a similar stipulation in the original complaint was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law.  Other Sections of this Court agree as well.  See Davis v. State Farm Fire & Casualty, 2006 WL 1581272 (E.D. La. June 7, 2006)(Vance, J.)(consolidated with 06-0569, 06-0830, 06-0831, 06-1090, 06-1091, 06-1092, 06-1292, and 06-1597).

  Accordingly, the plaintiffs' motion to remand is GRANTED.

  New Orleans, Louisiana, December 14, 2006.

         _____
          MARTIN L. C. FELDMAN
         UNITED STATES DISTRICT JUDGE